

**DHR**

Gary B. Redding, Acting Commissioner
Martin J. Rotter, Director

Georgia Department of Human Resources • Office of Regulatory Services • Health Care Section • Acute Care Unit
Two Peachtree Street, NW • Suite 33-250 • Atlanta, Georgia 30303-3142 • (404) 657-5550 • FAX (404) 657-8934

## COMPLAINT INVESTIGATION MEMORANDUM

| | |
|---|---|
| **TO:** | Ruby Durant, RN<br>Regional Director |
| **THROUGH:** | James Courtney, RN<br>Team Leader |
| **FROM:** | Scott Howell, RN, MSN<br>Nurse Surveyor |
| **DATE OF REPORT:** | 3/30/01 |
| **FACILITY:** | Peachford Behavioral Health System of Atlanta<br>2151 Peachford Road<br>Atlanta, GA 30338-6534 |
| **COMPLAINT #:** | 102393 |
| **COMPLAINT RECEIVED (ORS):** | 2/22/01 |
| **DATE RECEIVED (HCS):** | 2/25/01 |
| **DATE 2802 SIGNED:** | 2/28/01 |
| **INVESTIGATION DATES:** | 3/21-22/01 |

*Plaintiff's Exhibit*

**INVESTIGATIVE RESOURCES USED:**

### DOCUMENTATION

\_\_\_ Governing Body Bylaws, Minutes
\_\_\_ Medical Staff Bylaws, Rules & Regs.
_X_ Physician Credential Files
_X_ QA Data
\_\_\_ Infection Control data
_X_ Policies and Procedures: Detox Protocols
_X_ Log Books (Type): Restraint/Seclusion
_X_ Patient Records:

_X_ Employee Personnel Files
_X_ Medication Records
_X_ In-service Training Records
_X_ Staffing Schedule
\_\_\_ Contracted Services, Leases
_X_ Restraint Records
_X_ Other Documents: Orientation Schedule

PEACHFORD BEHAVIORAL HEALTH SYSTEM OF ATLANTA
COMPLAINT # 102393

### PERSONS INTERVIEWED/CONTACTED

- [X] Administrator/Director/CEO
- [X] Department Heads: Nursing, Support Services
- [ ] Physician(s)
- [X] QA/QI Coordinator(s)
- [ ] Infection Control Officer
- [X] Training Coordinator
- [X] Other persons interviewed: Charge Nurses

- [ ] Social Worker
- [ ] Other Caregivers (specify):
- [X] Patients
- [ ] Patient's Family/Visitors (specify):
- [ ] Patient's Roommate
- [ ] Agency Representative (Specify):

### OBSERVATIONS

- [ ] Medication Administration
- [ ] Treatments (specify):
- [ ] Meals

- [ ] Test (specify):
- [ ] Nursing (specify):
- [X] Other (specify): Toured Hospital

**INTRODUCTION:**
An unannounced on-site visit was made to the facility to investigate regulatory allegations related to complaint # 102393. The following regulatory allegations were investigated.

**ALLEGATION #1:** Since June 2000, a patient (closed record #3) died during the night but was not discovered until the next day. The mental health technician doing room checks was fired.

**FINDINGS #1:** Documentation indicated that a 48 year-old detoxification patient on the Stabilization Unit was found deceased the morning of 7/21/00. Cardiopulmonary resuscitation was initiated but discontinued after two physicians assessed the patient. The medical examiner's office conducted an autopsy and determined the cause of death as cardiac dysrhythmia, etiology undetermined; manner of death – natural. The hospital had conducted a review of the care of the patient. An employee was terminated for failure to follow hospital policy (related to the patient checks ordered for every 15 minutes). The vital signs of the patient were not recorded after the administration of a medication (phenobarbital) as required by the hospital's detoxification protocol. The record contained an order for the phenobarbital detoxification protocol but not a copy of the actual protocol. Two open detoxification records reviewed contained copies of the protocols ordered, but reassessments were not documented as prescribed in the protocols.

**CONCLUSION #1:** A current problem with physician ordered patient reassessments per detoxification protocol was identified. Deficiencies were cited under federal tag A83 and state licensure tags Y99 and 109.

**ALLEGATION #2:** Three instances of patients having sexual relations or of men in bed with a female on ICU (Intensive Care Unit) have occurred. During an incident in November, the patient never woke up (closed record # 7).

PEACHFORD BEHAVIORAL HEALTH SYSTEM OF ATLANTA
COMPLAINT # 102393

**FINDINGS #2:** Incidents, and associated records, of alleged or suspected patient sexual activity were reviewed. Review of closed record # 7 verified that the patient made an allegation of sexual assault on 11/26/00. The patient was later assessed at an emergency department of a medical center.

**CONCLUSION #2:** Deficiencies regarding the care and supervision of psychiatric patients and allegations or evidence of sexual activity were identified and citations made at federal tags A58, 83, 84 and 764, and state licensure tags Y007, 99 and 107. The deficiencies at tags A83 and 84 were repeat deficiencies (survey date 1/31/01). A condition level citation at tag A75 was recommended.

**ALLEGATION #3:** Nursing staffing for units, including the geriatric and adolescent units, had been insufficient for the proper care and supervision of patients.

**FINDINGS #3:** Staffing levels and patient acuity on all hospital units were verified for the day shift on 3/21/01 through observation and staff interviews on that date. Retrospective staffing for a two-week period was requested and reviewed. A survey conducted 1/31/01 had identified problems with staffing levels and the proper care and supervision of patients and deficiencies were written. The hospital had submitted and implemented a plan of correction that including the consideration of patient acuity in staff assignments and an increase in staffing was verified.

**CONCLUSION #3:** A current deficiency regarding the number of staff assigned to each unit was not identified. Repeat deficiencies were cited regarding the proper care and supervision of patients (see Allegations #1 and 2).

**ALLEGATION #4:** Patients had been admitted to dayroom couches and assigned three to a room because no other rooms were available.

**FINDINGS #4:** The current census for each unit was reviewed during a tour of the hospital on 3/21/01 and units were operating within bed capacity. Management denied knowledge of the hospital being over licensed capacity. At times special arrangements have been made for brief periods to assure that high-risk patients were under constant observation.

**CONCLUSION #4** The investigation did not substantiate this allegation.

**ALLEGATION #5:** Orientation for staff is just one day and staff lack understanding of psychiatric illness.

**FINDINGS #5:** An experienced training coordinator had recently been rehired. Current scheduled orientation for new employees was a minimum of 3 days and included content on understanding symptoms of mental illness. In addition, staff, reportedly, were provided special on-unit supervision until competency levels were established. Evidence of on-going staff development was provided.

**PEACHFORD BEHAVIORAL HEALTH SYSTEM OF ATLANTA**
**COMPLAINT # 102393**

**CONCLUSION #5:** Investigation was unable to substantiate this allegation.

**ALLEGATION #6:** The administrator is unprofessional and provides poor management.

**FINDINGS #6:** The hospital had a new administrator and director of nursing (since previous survey on 1/31/01). Both had had significant management experience in a psychiatric hospital.

**CONCLUSION #6:** Hospital under new management. No deficiencies cited related to this allegation.

**ALLEGATION #7:** Water given to patients on the Stabilization Unit was from a container refilled out back with the hose.

**FINDINGS #7:** Hospital staff acknowledged that at one point a large water bottle had been refilled by staff with tap water from inside the hospital to facilitate medication administration on the Stabilization Unit. A new water fountain had since been installed and a portable water source was no longer needed for the Stabilization Unit.

**CONCLUSION #7:** The hospital had identified a problem with the availability of water for patients during medication administration on the Stabilization Unit. A new water fountain had been installed. No deficiencies cited related of this allegation.